THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THEODORE TISCHLER, PLAINTIFF IN ERROR.

Argued November 21, 1922—Decided January 19, 1923

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The defendant was convicted on indictment charging assault and battery with intent carnally to abuse a female child under the age of sixteen. The female in question was a little girl of twelve, and the charge was that the crime had been committed in the back room of a grocery store kept by the defendant. Several errors are assigned, but it seems only necessary to consider one, which we consider must work a reversal. The girl testified that the defendant got her into a back room, that he laid her on the floor and committed the assault complained of. This was denied by the defendant. In charging the jury the judge used this language: 'If you believe the state's witnesses, the crime of assault and battery,

with intent to abuse, is abundantly made out. On the other hand, if you believe the defence, the defendant is not guilty. Who is telling the truth? Which is the more logical, the more probable story? That, after all, is the real question, the question which is peculiarly within your province.'

"The effect of this language seems plainly to make the logical and probable character of the story told by one or the other of the parties concerned the test of a verdict of guilt or innocence. But there are other considerations besides mere logic and probability which may legitimately influence the conclusion of a jury, notably, for example, the appearance and demeanor of the witnesses and the manner in which they may testify. The credibility of the witnesses and the verdict of the jury should not be dependent exclusively on rules of logic and estimates of probability. The language used by the trial judge, in our estimation, constituted harmful error for which there must be a reversal.

"As there must be a retrial, it may be proper to say that we think the action of the court in permitting the girl to testify was not an abuse of discretion, and that the statement of the court to the jury as to what the policewoman said seems to have been supported by the evidence.

"Let the judgment be reversed, to the end that a new trial be had."

For the plaintiff in error, *John O. Bigelow,* prosecutor of the pleas.

For the defendant in error, *Braelow & Tepper.*

Per Curiam.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—The Chancellor, Swayze, Trenchard, Bergen, Minturn, Katzenbach, Ackerson, JJ. 7.

*For reversal*—Black, White, Gardner, JJ. 3.